UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALEXANDER EDISON,

               Petitioner,

vs.                                       Case No. 2:06-cv-440-FtM-29SPC

SECRETARY, DOC,

               Respondent.
_____

**OPINION AND ORDER**

**I. Status**

Petitioner Alexander Edison (hereinafter "Petitioner" or "Edison") initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1, Petition) pursuant to 28 U.S.C. § 2254 on August 24, 2006.[1] After the Court granted an extension of time, Respondent filed a Motion to Dismiss Petition As Untimely, Response, Memorandum (Doc. #12, Response) on February 14, 2007, challenging the timeliness of the Petition. Respondent attached as exhibits Petitioner's postconviction records. Petitioner then filed a "Motion to Consider Petitioner's Petition as Timely, Traverse Memorandum" construed to be Petitioner's Reply (Doc. #14, Reply) and attached certain exhibits from his State court proceedings (Pet's Exhs A-C). This matter is ripe for review.

---

[1] The Petition was docketed and filed with the Court on August 28, 2006, 2006; however, the Court applies the "mailbox rule" and deems the Petition "filed on the date it was delivered to prison authorities for mailing." Alexander v. Sec'y Dep't of Corr., 523 F.3d 1291, 1294 n.4 (11th Cir. 2008).

## II. Procedural History

Petitioner was convicted of carrying a concealed weapon and possession of a firearm by a convicted felon (Case No. 00-2949) in the Twentieth Judicial Circuit, Lee County, Florida. Petition at 1; Response at 1-2; Exh 1 at 1. On June 13, 2001, Petitioner was adjudicated guilty and sentenced to fifteen years in prison as a habitual felony offender for possession of a firearm by a convicted felon. Response at 2, Exh. 1 at 1. A concurrent prison term of five years in prison was imposed for carrying a concealed weapon. Id. Counsel filed a "motion to correct a sentencing error," arguing that the trial court had erred in sentencing Petitioner as a habitual offender when the State had failed to prove Petitioner's prior convictions were sequentially and separately obtained. Exh. 1 at 1. The trial court denied the motion. On July 9, 2003, the state appellate court reversed and remanded Petitioner's sentence for further proceedings. Exh. 4; Edison v. State, 848 So. 2d 498, 499 (Fla. 2d DCA 2003). Mandate issued on July 25, 2003.

On April 1, 2004, the trial court re-sentenced Petitioner in accordance with the appellate court's order. No direct appeal was filed by petitioner.

On December 20, 2004, Petitioner filed a *pro se* Florida Rule of Criminal Procedure 3.850 motion (hereinafter "3.850 Motion"). The State filed a response, and the trial court denied the motion without a hearing on August 25, 2005. Petitioner appealed the

trial court's denial. The appellate court *per curiam* affirmed the trial court's decision on March 2, 2006. Edison v. State, 923 So. 2d 1169 (Fla. 2d DCA 2006). Mandate issued on March 24, 2006.

In March 2006, Petitioner filed a petition for writ of habeas corpus in the state appellate court and an amended petition on April 7, 2006. The appellate court treated the petition as one alleging ineffective assistance of appellate counsel. On May 10, 2006, the appellate court dismissed the petition as untimely pursuant to Fla. R. App. P. 9.141(c)(4)(B).[2] Edison v. State, 934 So. 2d 457 (Fla. 2d DCA 2006). Rehearing was denied on June 13, 2006.

### III. Federal Petition for Writ of Habeas Corpus

Respondent argues that the instant federal Petition, deemed filed on August 24, 2006, is time-barred. The Court agrees.

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Penry v. Johnson, 532 U.S. 782, 792 (2001); Davis v. Jones, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007). The AEDPA imposes a one-year statute of limitations on § 2254 actions. 28 U.S.C. § 2244(d)(1).

---

[2]Pursuant to Fla. R. App. P. 9.141(c)(4)(B), "[a] petition alleging ineffective assistance of appellate counsel on direct review shall not be filed more than 2 years after the judgment and sentence become final on direct review unless it alleges under oath with a specific factual basis that the petitioner was affirmatively misled about the results of the appeal by counsel."

> The AEDPA establishes a one-year statute of limitations for filing § 2254 petitions, which begins to run following the latest of several possible dates, including the date on which the petitioner's judgment becomes final. To decide whether a petition for writ of habeas corpus was filed within one-year of the conviction becoming final, we must determine (1) when the [collateral] motion was filed and (2) when [the] judgment of conviction became final. A *pro se* petitioner's collateral action is deemed filed in federal court on the date it is delivered to prison authorities for mailing, and absent state-presented evidence to the contrary, we will presume that the petition was delivered on the date the petition was signed. A conviction is final at the conclusion of direct review or the expiration of the time for seeking such review. A state prisoner's conviction becomes final when the United States Supreme Court denies *certiorari*, issues a decision on the merits, or when the ninety day period in which to file for *certiorari* expires, regardless of whether the defendant raised any federal issues on direct appeal.

McCloud v. Hooks, 560 F.3d 1223, 1227 (11th Cir. 2009)(citations and internal quotations omitted). In Florida, when no direct appeal is taken, the state judgment becomes final when the 30 day period in which to file the direct appeal expires. Gust v. State, 535 So. 2d 642 (Fla. 1st DCA 1988).

Here, Petitioner's conviction became final on May 3, 2004, the expiration of the time to appeal the April 1, 2004 re-sentencing judgment. Therefore, petitioner's federal habeas petition had to be filed by May 3, 2005, unless the time period was tolled.

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2). On

December 20, 2004, Petitioner properly filed a postconviction motion pursuant to Rule 3.850. This tolled the running of the § 2254 limitations period while the motion was pending. Brown v. Sec'y Dep't of Corr., 530 F.3d 1335, 1338 (11th Cir. 2008). A total of 230 days elapsed prior to this tolling. The time remained tolled until March 24, 2006, when the mandate issued in Petitioner's appeal of the Rule 3.850 motion. Therefore, Petitioner had 135 days remaining in which to file his § 2254 petition.

On April 7, 2006, Petitioner filed an amended state petition for writ of habeas corpus. However, the State appellate court dismissed the petition as untimely pursuant to Fla. R. App. P. 9.141(c)(4)(B). Exh. 16. An untimely petition is not a "properly filed" application for state postconviction relief or other collateral review, and does not toll the § 2254 limitations period. Gorby v. McNeil, 530 F.3d 1363, 1366-68 (11th Cir. 2008). Therefore, between March 25, 2006, and the filing of the § 2254 petition on August 24, 2006, 152 days elapsed. Since the Petition was filed 382 days after Petitioner's state court conviction became final, it was filed beyond the one-year limitations period and is untimely.

Further, Petitioner does not articulate any justifiable reason to apply the doctrine of equitable tolling to the Petition. Equitable tolling is appropriate where a petitioner establishes both extraordinary circumstances that are both beyond his control

and due diligence. <u>Diaz v. Sec'y Dep't of Corr.</u>, 362 F.3d 698, 702 (11th Cir. 2004). Here, in particular, Petitioner fails to demonstrate due diligence. Petitioner fails to explain the delay in filing his first Rule 3.850 motion in which he did not raise this ineffective assistance of appellate counsel claim. It was not until his subsequent postconviction motion that Petitioner raises this issue that appellate counsel rendered ineffective assistance by not raising a claim of trial court error on appeal. These facts *sub judice* do not justify equitable tolling.

ACCORDINGLY, it is hereby

**ORDERED**:

1. The Petition for Writ of Habeas Corpus (Doc. #1) is **DISMISSED as untimely with prejudice**.

2. The Clerk of Court shall: (1) terminate any pending motions; (2) enter judgment accordingly; and (3) close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __16th__ day of June, 2009.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record