UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALEXANDER EDISON,

            Petitioner,

vs.                        Case No. 2:06-cv-440-FtM-29SPC

SECRETARY, DOC,

            Respondent.
_____

## OPINION AND ORDER

This matter comes before the Court on petitioner's Petition for Reconsideration (Doc. #35) filed on June 29, 2009, and petitioner's Motion Requesting Status Report (Doc. #36) filed on August 13, 2009. For the reasons set forth below, the motion for reconsideration is denied and the motion for a status report is moot.

In an Opinion and Order (Doc. #31) filed on June 16, 2009, the Court found that petitioner's Petition for Writ of Habeas Corpus (Doc. #1) pursuant to 28 U.S.C. § 2254 was untimely. Petitioner seeks reconsideration on the grounds that the Court neglected to consider the 90 day period in which he could have filed a petition for a writ of certiorari with the United States Supreme Court. Because petitioner was not entitled to file a petition for a writ of *certiorari* with the United States Supreme Court under the

circumstances of this case, petitioner was not entitled to the 90 day period.

Title 28, United States Code, Section 2244(d)(1)(A) provides that the one-year limitations period in which a state prisoner has to file a writ for habeas corpus begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." As the Court found in the Opinion and Order (Doc. #31), petitioner was re-sentenced on April 1, 2004, and had 30 days to file a direct appeal with the state district court of appeals. No direct appeal was filed, and therefore the state judgment became final thirty days later, i.e., on May 3, 2004.

Because petitioner did not seek direct review by the Florida appellate court, he was not eligible to properly file a petition for a writ of *certiorari* with the United States Supreme Court. "Supreme Court Rule 13.1 provides that a petition for a writ of *certiorari* is timely when filed within ninety days after entry of judgment or denial of discretionary review by the state court of last resort." Nix v. Sec'y for Dep't of Corr., 393 F.3d 1235, 1236 (11th Cir. 2004), 545 U.S. 1114 (2005). Thus, in the absence of a direct appeal to the Florida District Court of Appeals, petitioner was not eligible to seek *certiorari* review by the United States Supreme Court.

> The Supreme Court of the United States may grant a writ of certiorari to review the final judgment of "the

highest court of a State in which a decision could be had." 28 U.S.C. § 1257(a). A defendant has 90 days from the judgment of the state court of last resort to file a petition for a writ of certiorari in the Supreme Court of the United States. U.S. Sup. Ct. R. 13.1. In the absence of a clear statutory or constitutional bar to higher state court review, the Supreme Court requires petitioners to seek review in the state's highest court before filing a petition for certiorari.

Pugh v. Smith, 465 F.3d 1295, 1299 (11th Cir. 2006)(citations omitted). Since petitioner could have filed a direct appeal of the judgment after re-sentencing, but did not, he could not have filed a petition for a writ of *certiorari* with the United States Supreme Court. Since petitioner could not have filed for a writ of *certiorari*, he was not entitled to the 90 days under Bond v. Moore, 309 F.3d 770, 774 (11th Cir. 2002), and the process of direct review came to an end on May 4, 2004. Therefore, petitioner's § 2254 petition was untimely.

Accordingly, it is now

**ORDERED:**

1. Petitioner's Petition for Reconsideration (Doc. #35) is **DENIED.**

2. Petitioner's Motion Requesting Status Report (Doc. #36) is **MOOT** in light of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this   20th   day of August, 2009.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
Alexander Edison
SA/aj